## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert L. Johnson

v.

Virginia Employment Commission

April 29, 1976

Case No. 8830

BY JUDGE ALEX H. SANDS, JR.

This proceeding is instituted by the petitioner under § 60.1–67 of the Code of Virginia, 1950, as amended, seeking a review of the decision of the Commission denying him benefits under the Act upon its finding that the petitioner left work voluntarily without good cause.

At the outset, it must be borne in mind that the jurisdiction of this Court in this proceeding is thus limited by the language of § 60.1–67: "In any judicial proceeding under this chapter, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of such court shall be confined to questions of law."

Consideration before this Court is whether or not the findings of the Commission that the petitioner left his employment voluntarily and without cause is supported by any evidence of probative value. The Court having reviewed the record in this case, is forced to the conclusion that there is ample evidence to support the finding of the Commission. The petitioner contends, however, that at the hearings before the Commission in this case, he was denied his statutory right of cross-examination of Robert A. Adams, the representative of the employer who appeared and testified on behalf of the employer at the hearing. He further contends that in reviewing his reasons for terminating his employment (which he contends to have been for health reasons), the Commission failed to consider the degree of risk involved to his health and safety and to his physical fitness as required by Code § 60.1–58.

Turning to the first contention made by the petitioner, in view of his allegation that he was denied the right of cross-examination of Mr. Adams, the Court, over objection of the Attorney General, permitted the petitioner to call Adams to the witness stand and to cross-examine him fully. The results of this cross-examination disclosed no evidence in addition to that offered by Adams at the hearing before the Commission. For this reason, the Court feels that even though the petitioner had been prevented from the full opportunity of cross-examination at the hearing, he has had that opportunity in this Court and that such produced no significant developments which were not before the Commission at the time of the hearing.

As to the petitioner's second contention, it is quite true that he has ample evidence supporting the fact that he has a marked degree of disability insofar as his legs are concerned. The critical issue, however, is whether in fact he terminated his employment because of this condition or whether for other reasons. In the first place, in his letter of resignation, he did not see fit to mention his physical inability to do the work as a reason for terminating his employment, but, on the contrary, his letter of resignation lists as his reason for terminating his employment his dissatisfaction with certain financial aspects of his employment. He testifies that he did discuss his physical condition with representatives of the company at the time he quit his job, but here again, this is a factual determination by the Commission with which this Court has no authority to interfere. Adams, both at the time of the hearing before the Commission and again at the hearing in this Court, testified that the petitioner appeared to be able to do his work and that he was doing it satisfactorily and that had he complained to him, Adams, that he was unable to do the work because of physical impairment, the company would have adjusted his work to meet his physical condition.

In view of the above, the Court cannot say that there was no evidence upon which the Commission could base its finding, and since there is no evidence whatsoever of any fraud involved, the Court finds no basis upon which it can set aside the Commission's holding.